

**SPENCER WALSH LAW, PLLC**
625 W 57TH ST | SUITE 1810
New York | NY 10019
Tel: 212 401 1959
Email: Tracey@SpencerWalshLaw.com

March 23, 2020

**By ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 701
New York, NY 10007

      Re:    <u>*S.F. et al v. New York City Department Of Education,* 20-cv-2121 (LJL)</u>

Dear Judge Liman:

On March 10, 2020, Spencer Walsh Law filed *S.F. et al v. New York City Department Of Education,* 20-cv-2121 (LJL). Along with this complaint were two exhibits that mistakenly included identifiable information about Plaintiff's identity.

In accordance with SDNY Electronic Case Filing Rules & Instructions 21.7, we respectfully request that this filing be temporarily sealed and made inaccessible to PACER users. We have electronically attached redacted versions of these mistaken filings to this motion. We have conferred with and received consent from Michael Pantalony, counsel for Defendant in *S.F. et al v. New York City Department Of Education,*, via email on 03/20/2020 to proceed as described in this letter.

Application to file redacted versions of the two exhibits referenced in this motion is GRANTED. Plaintiffs shall refile the Complaint in public view, with the two exhibits attached in redacted form.

3/23/2020

LEWIS J. LIMAN
United States District Judge

Respectfully submitted,

*/s/ Tracey Spencer Walsh*
Tracey Spencer Walsh
**TEMPORARY ADDRESS:**
SPENCER WALSH LAW, PLLC
c/o Sonali Sanyal, Paralegal
36 Western Drive
Ardsley, NY, 10502

cc:    Michael Pantalony, Esq. (*via* ECF)
           Attorney for Defendant

A. Torres, Case Coordinator - IHO #192343



**SPENCER WALSH LAW, PLLC**
379 West Broadway
New York, NY 10012
Tel: 212-401-1959
Email: Tracey@SpencerWalshLaw.com

January 27, 2020

**VIA EMAIL**

Impartial Hearing Office
131 Livingston Street, Room 201
Brooklyn, New York 11201
Email: IHOQuest@schools.nyc.gov

**NO IEP MEETING FOR 2018-2019 AND 2018-2019 and 2019-2020 SCHOOL YEARS**
**NO IEP**
**NO SCHOOL PLACEMENT RECOMMENDATION**

      Re:    **DEMAND FOR DUE PROCESS**
              Student: N.F-L.
              School Years: 2018-2019 and 2018-2019 and 2019-2020
              DOB:
              Student ID:
              Parent: S.F. and R.L.
              Address:

Dear Sir or Madam:

      We represent ____, a fifteen-year-old boy classified as other health impaired. ____ birthday is ____ and he resides with his parents, ____, at ____. For the 2018-2019 school year, ____ attended The Masters School for part of the year, located at 49 Clinton Ave, Dobbs Ferry, NY 10522 and the remainder of the school year at The Beekman School, located at 220 E 50th St, New York, NY 10022. For the 2018-2019 school year, ____ continues to attend The Beekman School.

      On behalf of ____ and his parents, we respectfully request a due process hearing pursuant to the federal IDEA statute and its implementing regulations, Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act, and the New York Education Law and its regulations and guidelines, in order to adjudicate pendency, declaratory, prospective (*D.A./*

*Connors*)[1], reimbursement, compensatory and all other relief the hearing officer deems appropriate pertaining to the 2018-2019 and 2019-2020 school year.[2]

At the hearing, among other things, the evidence will establish that, both substantively and procedurally, the New York City Department of Education ("DOE") failed to provide ▮ with a "free appropriate public education" ("FAPE").

## PENDENCY

In the interim, and until there has been a final order, we invoke ▮'s pendency entitlements based on his IEPs dated March 14, 2014 and January 22, 2016. According to this decision, ▮'s pendency entitlements should include :

1. 1:1 Counseling 1x30;
2. Group Counseling 1x30;
3. 1:1 Occupational therapy 2x30;
4. Door-to-door specialized transportation.

As per 20 U.S.C. § 1415(j), ▮'s pendency entitlements are automatic and unconditional upon the filing of this demand (and are not contingent on the termination of the 30 day Resolution Period) and are required to be implemented and performed by the DOE as a matter of law and statute, without the necessity of any application, motion or other showing by ▮'s counsel, until there is a final order.

## THE PROBLEM

▮ presents with a variety of significant deficits and interfering behaviors, which are pervasive and effect behavioral, communication, social and physical domains. As a student with a disability, ▮ is entitled to a FAPE, and these rights include both procedural and substantive safeguards.

▮ is diagnosed with an Anxiety Disorder, Attention Deficit Hyperactivity Disorder ("ADHD") and Expressive and Receptive Language Disorder. ▮ presents with a variety of significant deficits. Though his general cognitive ability is estimated to be in the Superior range, ▮ has significant processing, sensory, motor coordination, language, attention, social, emotional and executive functioning deficits.

---

[1] *See Mr. & Mrs. A. ex rel. D.A. v. N.Y. City Dep't of Educ.*, 769 F. Supp. 2d 403 (S.D.N.Y. 2011); *Connors v. Mills*, 34 F. Supp. 2d 795 (N.D.N.Y. 1998).

[2] This letter will provide reiterated notice that ▮'s parents intend to seek reimbursement and/or prospective relief from the New York City Department of Education for expenses they incur while providing their child with an appropriate educational program during the 2018-2019 and 2019-2020 school year. Compensatory relief will be sought to the extent of any lapse or delays in the implementation of ▮'s statutory pendency entitlements.

2

▇ meets the criteria for ADHD and he exhibits inattention, impulsivity, and poor organizational skills. He displays significant problems with his general auditory attentional functioning. Consequently, ▇ is prone to "tuning out" during lessons unless he is actively engaged and/or environmental demands to perform are clearly evident to him and are enforced. ▇ also has deficits in visual processing, which negatively impact his ability to read and understand written instructions. These issues make it difficult for ▇ to set priorities, stay on task, and follow work through to completion, and in some instances he may procrastinate or avoid projects that are complex or challenging. He has a low frustration tolerance.

▇ has significant strengths in the areas of general verbal comprehension, perceptual reasoning, working memory, and general processing speed. However, he exhibits a particular weakness in working with a pencil and paper. ▇ utilizes a static tripod grasp on his pencil and hyperextends his fingers. This results in stress on the joints, reduced endurance and poor quality handwriting samples. ▇ struggles to visually process routine information while writing, which leaves him less time and mental energy for the complex task of understanding new material.

Academically, ▇ is gifted in many areas, including reading comprehension and solving complex math problems. ▇ scored relatively lower in the area of math fluency, most likely due to his challenges working quickly with a pencil. He also struggles with oral expression and listening comprehension. While ▇ has average oral language skills on par with his peers, his abilities in this area are relatively lower than as compared to his other well developed abilities, which indicates challenges with receptive and expressive language.

▇ has difficulty with sensory regulation, and demonstrates sensory seeking behaviors such as fidgeting, difficulty remaining seated, decreased attention, and poor body awareness. ▇ also has deficits in the area of motor coordination.

▇ has high levels of depressive symptoms and exhibits global feelings of loss. He was adopted by his mothers at the age of 15 months, and while he enjoys a close relationship with them, he has feelings of shame and abandonment resulting from his adoption. ▇ also becomes ashamed when he engages in negative behaviors and exhibits a desire to change. He feels a sense of being persecuted unfairly by adults and ostracized by peers. In his previous setting at the Orchard School, ▇ was the target of bullying and a pattern of verbally and physically aggressive behavior. This increased his anxiety and led to a decline in his academic performance.

▇'s parents determined that he required an alternative placement due to their concerns that the Orchard School was not appropriate for him, and even posed a safety threat, both physically and emotionally. In December 2015, they contacted the the New York City Department of Education ("DOE") to request that a meeting be convened to review ▇'s IEP. The DOE did not timely comply with their request, and so fearing for their son's well-being,

▇▇▇'s parents removed him from the Orchard School and placed him at the Fusion School. Dr. George Sachs, who conducted a neuropsychological evaluation of ▇▇▇, endorses the parents's decision to place him in a "highly specialized" setting with similarly functioning peers "with average to above average intelligence."

The CSE failed to convene an IEP meeting and ▇▇▇ was denied a FAPE. At the hearing, among other deficits and violations, the evidence will establish the following as part of the Prong I presentation.

## **CLAIMS**

1. The DOE failed to propose any program for ▇▇▇ and has denied him a FAPE;

1. While the DOE's failures and omissions may each amount to a denial of a FAPE on their own, certainly the cumulative and combined effect of the DOE's multiple failures adds up to a FAPE deprivation for ▇▇▇;

## IEP PROCEDURAL CLAIMS

1. The DOE failed to remediate <u>any</u> of its deficiencies even after ▇▇▇'s parents' "10-day" letter;

2. The DOE failed to convene an IEP meeting and denied ▇▇▇'s parents a meaningful opportunity to participate in an IEP meeting;

3. As of the date of the filing of this demand for due process, ▇▇▇'s parents have not been invited to an IEP meeting for the 2018-2019 and 2019-2020 school years;

4. ▇▇▇ requires a highly specialized program with similarly functioning, academically gifted peers, and one-to-one attention from professionals trained to address his unique needs so that he can meaningfully benefit from academic instruction, form and maintain relationships with his peers, and make progress towards becoming an independent adult and the District failed to convene an IEP meeting to consider ▇▇▇'s needs;

## EVALUATION AND ASSESSMENT CLAIMS

5. The DOE failed to timely assess ▇▇▇'s "present levels" for the 2018-2019 and 2019-2020 school years;

4

A. Torres, Case Coordinator - IHO #192343

6. The DOE failed to timely develop critical *assessment* reports that should have been used as the basis for establishing "present levels" as part of the fundamental development of the IEP, including but not limited to a meaningful base-lining of ▮'s then-existing functional and skill levels, including but not limited to his interfering behaviors – this failure, among other problems, precluded the IEP documents from being "reasonably calculated";

7. The DOE did not conduct adequate and appropriate evaluations and/or assessments of ▮;

8. The DOE failed to consider ▮'s private evaluations and the recommendations of professionals who know and/or work with ▮;

### IEP GOALS AND OBJECTIVES CLAIMS

9. The DOE failed to develop any goals or objectives, measured or otherwise, to address ▮'s issues with expressive and receptive language, executive functioning and impulsivity;

### PLACEMENT CLAIMS

10. ▮ was not offered a placement for ▮ and this denies him a FAPE;

11. As of the date of this Demand for Due Process, ▮ has not received an IEP or a written school placement recommendation and any offer after this date is untimely and a denial of FAPE;

12. Should the DOE claim it sent a school placement recommendation (and/or an IEP), we maintain the right to challenge the appropriateness of the program and placements;

13. ▮'s parents reserve the right to visit any and all schools the DOE recommends and reject them if not appropriate and make additional claims as part of this due process demand;

### OTHER CLAIMS

14. In the event that the DOE raises any claim or defense (equities) - ▮'s parents cooperated in the IEP development process;

15. To the extent that the DOE has failed or continues to fail to adequately provide ▮ with ▮'s statutory pendency entitlements, ▮'s parents seek an award of compensatory education for all unfulfilled pendency services;

5

16. The DOE failed to provide ▮ with "equal access" to an appropriate education that was afforded to other children who reside in New York City.

Procedurally and substantively, the foregoing deprived ▮ of a FAPE, establishing Prong I of the *Burlington/Carter* and *D.A./Connors* tests in ▮'s favor for the 2018-2019 and 2019-2020 school years. In contrast, for Prong II purposes, the evidence will show that ▮'s unilateral program and recommendations are "reasonably calculated" to provide meaningful educational benefits to ▮, and thus are reimbursable and otherwise fundable under the more relaxed *Frank G.* and *R.E.*[3] standards. Finally, for purposes of Prong III, the evidence will show that (a) appropriate notice was given by ▮'s parents, (b) they have cooperated in good faith, and (c) there are no equitable circumstances that would operate to preclude or otherwise diminish a prospective or reimbursement award.

## **PROPOSED SOLUTION**

For the 2018-2019 and 2019-2020 school years, the reimbursement, compensatory and/or prospective funding award should cover:

(a) Costs and tuition at the Masters School for the portion of the 2018-2019 school year he was in attendance;
(b) Costs and tuition at Beekman School or the portion of the 2018-2019 school year he was in attendance;
(c) Costs and tuition at Beekman School for the 2019-2020 school year;
(d) Cost of transportation to and from Masters and Beekman School;
(e) Up to 2 hours a week of academic learning support during the 2018-2019 school year;
(f) Up to 3 hours a week of academic learning support for the 2019-2020 school year;
(g) a compensatory education award for any and all pendency services ▮ was entitled to but did not receive; and
(h) a compensatory education award for any and all educational services ▮ was entitled to but did not receive

any other just relief that the impartial hearing officer deems appropriate.

▮'s needs are constantly changing over time. We reserve the right to further amend ▮'s demand upon further notice as additional components of ▮'s program may fall into place. The award should be a reimbursement award to the extent ▮'s parents have paid out money, and it should be a prospective and/or direct funding award for any unpaid amounts, including but not limited to amounts payable under statutory pendency.

---

[3] *R.E. v. New York City Dep't of Educ.*, 694 F.3d 167, 189-90 (2d Cir. 2012).

A. Torres, Case Coordinator - IHO #192343

## RESOLUTION MEETING

Although we have requested an impartial hearing, ▇'s parents certainly are prepared to meet with the DOE in the context of a resolution meeting, and hope that the DOE can cure the violations alleged above.

## CLOSED HEARING

▇'s parents request a closed hearing.

## ATTORNEYS' FEES AND OTHER COSTS AND EXPENDITURES

To the extent that ▇ "substantially prevails," ▇ and his parents intend to seek an award of attorneys' fees and the recovery of all related costs and disbursements.

                                                                                 Sincerely,
*Tracey Spencer Walsh*
SPENCER WALSH LAW, PLLC
625 West 57th Street, Suite 1810
New York, NY 10019
Tel. 212-401-1959
email: tracey@spencerwalshlaw.com

cc:      S.F. and R.L.

3/10/2020 Law Office of Tracey Spencer Walsh Mail - NEW IH REQUEST RECEIVED: 192343, N.F-L.

Case 1:20-cv-02121-LJL Document 8-2 Filed 03/23/20 Page 1 of 1



Tracey Spencer Walsh &lt;tracey@spencerwalshlaw.com&gt;

# NEW IH REQUEST RECEIVED: 192343, N.F-L.

8 messages

**DoNotReply@schools.nyc.gov** &lt;DoNotReply@schools.nyc.gov&gt;     Tue, Jan 28, 2020 at 11:55 AM
To: "tracey@spencerwalshlaw.com" &lt;tracey@spencerwalshlaw.com&gt;

=============================================================================

The New York City Department of Education
Impartial Hearing Office
131 Livingston Street - Room 201
Brooklyn, New York 11201

=============================================================================

This is to confirm receipt of your due process complaint.

Please review the information below and contact the Impartial Hearing Office case manager if any corrections need to be made.

CASE INFORMATION:
Case #: 192343
Student: N.F-L.
Date of Birth: ▓▓▓▓▓▓
OSIS #: ▓▓▓▓▓▓
Service District: 02
Home District: 02

Date of Request: 01/27/2020
Requested by: Parent/Guardian

Impartial Hearing Officer Appointed: NO APPOINTMENT
Expedited: No
Resolution Period Compliance Date: 02/26/2020

Issue(subject to verification):
PAYMENT: SERVICES 2019-2020
TRANSPORTATION ISSUES 2019-2020
PAYMENT: TUITION
PAYMENT: SERVICES 2018-2019

Attorney/Advocate Contact:
Tracey Spencer Walsh
Spencer Walsh Law
625 W 57TH STREET
SUITE 1810
New York, NY 10019
Telephone: (212) 401-1959
Email: tracey@spencerwalshlaw.com

Parent/Guardian Contact:
S.F.
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Department of Education Representative:
Office: Committee on Special Education 09
District: 02